Jerome WASHINGTON, Plaintiff,

v.

Sheriff Edward REILLY, Undersheriff McGuire, Undersheriff Zuaro, Undersheriff Head, Capt. Murphy, Capt. Santini, Lt. Boniface, Lt. Kelly, Lt. Dolan, Lt. Letscher, Lt. Ford, Sgt. Baron, Sgt. Christiansen, Sgt. Schwamm, Sgt. Newman, Sgt. Damm, Sgt. Cammarto, Sgt. Jorgensen, C.O. Bavaro, C.O. Stastwoski, C.O. Harvey, C.O. Hutch, C.O. Little, C.O. Harrison, C.O. Rodriguez, Corporal Baron, C.O. Evans, Lt. Yannota, C.O. Mallie, Corporal Mitchell, Undersheriff Kovais, Defendants.

No. 02–CV–6561 (JS)(MLO).

United States District Court,
E.D. New York.

Feb. 25, 2005.

Jerome Washington, Nassau County Correction Facility, East Meadow, NY, Pro Se.

Sean Strockyj, Esq., Nassau County Attorney's Office, Mineola, NY, for Defendants.

## MEMORANDUM & ORDER

SEYBERT, District Judge.

On December 16, 2002, Plaintiff Jerome Washington, *pro se,* commenced this action, alleging violations of 42 U.S.C. § 1983. Pursuant to a February 3, 2004 Order, the Original Complaint was dismissed, but Plaintiff was granted leave to replead. On March 5, 2004, Plaintiff filed an Amended Complaint. Pending before the Court is Defendants' motion to dismiss the Amended Complaint for failure to comply with the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997–e(a), and Rule 8 of the Federal Rules of Civil Procedure. Plaintiff has responded to Defendants' motion by requesting another opportunity to amend his Complaint.

*Discussion*

■ It is well-settled that the Court must read Plaintiff's *pro se* Amended Complaint liberally. *See Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d -163 (1980) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Moreover, *pro se* litigants are afforded a wide degree of latitude with regard to their submissions, as the Court construes their papers " 'to raise the strongest arguments that they suggest.' " *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)).

■ Plaintiff's Amended Complaint constitutes a marked improvement over his first effort. However, as Defendants properly point out, the Amended Complaint still suffers from several flaws that plagued its predecessor, including: (1) Plaintiff lists thirty individual Defendants in his caption, but only makes averments concerning twenty-one of them; (2) the Amended Complaint contains numerous paragraphs that make no reference to actions taken by any of the Defendants; and (3) Plaintiff's paragraphs, or "Legal Points" (as Plaintiff refers to them), contain more than one factual allegation. Defendants have moved to dismiss the Amended Complaint pursuant to Rule 8.[1]

In response, Plaintiff has requested leave to amend. Such a request is typically accompanied by a proposed amended complaint, but Plaintiff has failed to provide one. Nevertheless, taking into account Plaintiff's *pro se* status, the Court grants Plaintiff's request for leave to amend in order to correct the aforementioned defects, and otherwise clarify his Complaint.

If the Plaintiff chooses to so file, he shall do so in accordance with the following directives:

1. Each paragraph shall contain only one factual allegation.

2. The factual allegations, set forth in the numbered paragraphs, shall, where possible, be organized in chronological fashion.

3. Each paragraph shall be short and concise and shall state (1) what is alleged to have occurred; (2) where possible, the date and location that the action is alleged to have occurred; (3) which of the Defendants is responsible for the alleged action; and (4) how the alleged action is related to a deprivation of the Plaintiff's rights.

4. If possible, the pleading shall be typewritten. If the pleading must be handwrit-

---

1. Defendants have also moved to dismiss Plaintiff's Amended Complaint pursuant to the PLRA. Because the Court grants Defendants' motion to dismiss on Rule 8 grounds, the Court does not address the PLRA.

ten, the Plaintiff shall take care to use neat and legible handwriting.

5. Plaintiff shall allege, in a coherent manner, whether and how he has exhausted all administrative remedies with regard to his complaints.

6. The Second Amended Complaint must be filed with the Court and served on the Defendants, by mailing a copy to their attorney, on or before April 29, 2005.

Accordingly, for reasons similar to those provided in the February 3, 2004 Order, Defendants' motion to Dismiss is GRANTED. Plaintiff shall have until April 29, 2005 to file a Second Amended Complaint. Failure to file the pleading by that date will result in dismissal of the case with prejudice. Plaintiff is cautioned that this is the last amendment that will be permitted.

SO ORDERED